Thomas J. Polis, Esq. - SBN 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

Proposed General Counsel for Plaintiff,
Karl T. Anderson, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>William Luther Wine,<br>    Debtor.<br><br>Karl T. Anderson, exclusively in his capacity as Chapter 7 Trustee,<br>    Plaintiff,<br>v.<br><br>William Luther Wine,<br>    Defendant. | Case No. 6:14-bk-22762-MW<br><br>Chapter 7<br><br>Adv. Proc. No. 6:15-ap-<br><br>CHAPTER 7 TRUSTEE'S COMPLAINT RE: OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727 OF THE BANKRUPTCY CODE |

Plaintiff, Karl T. Anderson, exclusively in his capacity as Chapter 7 Trustee of the bankruptcy estate of *In re William Luther Wine*, Case No. 6:14-bk-22762-MW ("Plaintiff or Trustee"), respectfully represents and alleges in his Complaint ("Complaint") as follows:

### STATEMENT OF JURISDICTION AND VENUE

1.  This Court has jurisdiction over this adversary proceeding ("Adversary Proceeding") pursuant to 28 U.S.C. §§ 159 and 1134, and 11 U.S.C. 727 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

2.  Venue for this Adversary Proceeding properly lies in this Judicial District in that this civil proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. § 1409.

3.  This Adversary Proceeding arises out of and relates to the Chapter 7 bankruptcy

case of *In re William Luther Wine*, Case No. 6:14-bk-22762-MW on the docket of this Court. The Debtor's bankruptcy case was commenced by the filing of a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, on October 15, 2014.

## PARTIES

4. Plaintiff, Karl T. Anderson, as Chapter 7 Trustee of the Debtor's bankruptcy case has standing to prosecute this claim.

5. The Debtor/Defendant, William Luther Wine's mailing address as stated on the Court's docket as of January 15, 2015 was:

>  22241 Nisqually Road, Space 91
>  Apple Valley, CA 92308

## STATEMENT OF STANDING

6. The Plaintiff, as the Chapter 7 Trustee of the Debtor's bankruptcy estate, has standing to prosecute this claim.

## GENERAL ALLEGATIONS

7. The Plaintiff, Chapter 7 Trustee is informed that the Debtor/Defendant failed to adequately disclose his interest in the following economically material transactions:

   a) that in or about April 2013, the Debtor/Defendant loaned/transferred $100,000 to EPM Investments, an entity purportedly controlled by the Debtor's/Defendant's adult son, William L. Win, Jr.;

   b) the Debtor's/Defendant's interest in the William Wine and Philip Romero Trust, dated August 19, 2009 ("Wine/Romero Trust"), including that the Wine/Trust sold a parcel of real property for over $500,000 in January 2014, in which the Wine/Romero Trust netted approximately $105,000;

   c) the Debtor/Defendant also concealed that in or about February 2013, the Wine/Romero Trust sold a parcel of real property in Claremont, California for $550,000, and netted the Wine/Romero Trust $117,634, yet the Debtor's/Defendant's Schedules were completely silent as to this transaction; and

     d)    Debtor/Defendant transferred in or about April 2012, approximately $878,629 to EPM Investments, LLC, an entity allegedly controlled by his adult son, William L. Wine, Jr.

8.    During the Debtor/Defendant, Section 341(a) hearing, the Debtor/Defendant testified under the penalty of perjury that all information in his Bankruptcy Schedules and Statement of Financial Affairs, were all true and correct. The Debtor/Defendant has not filed Amended Schedules or Statements.

9.    Despite the Debtor/Defendant purported truthful testimony in his Section 341(a) hearing and his Schedules and Statements, the Debtor/Defendant intentionally failed to inform Chapter 7 Trustee of his interests in the following:

     a)    In or about April 2013 the Debtor/Defendant loaned/transferred $100,00 to EPM Investments, an entity purportedly controlled by the Debtor's/Defendant's adult son, William L. Win, Jr.;

     b)    the Debtor's/Defendant's interest in the William Wine and Philip Romero Trust, dated August 19, 2009 ("Wine/Romero Trust"), including that the Wine/Trust sold a parcel of real property for over $500,000 in January 2014, in which the Wine/Romero Trust netted approximately $105,000;

     c)    the Debtor/Defendant also concealed that in or about February 2013, the Wine/Romero Trust sold a parcel of real property in Claremont, California for $550,000, and netted the Wine/Romero Trust $117,634, yet the Debtor's/Defendant's Schedules were completely silent as to this transaction; and

     d)    Debtor/Defendant transferred in or about April 2012, approximately $878,629 to EPM Investments, LLC, an entity allegedly controlled by his adult son, William L. Wine, Jr.

10.    The Chapter 7 Trustee is informed and believes and thereon alleges the following facts, namely the Debtor's/Defendant's active and ongoing concealment of the assets and transactions itemized herein to justify that the Debtor's/Defendant's discharge should be denied

under Section 727 of the Bankruptcy Code.

11. The Chapter 7 Trustee believes that the Debtor/Defendant is concealing other economically significant assets of the estate. Therefore, Chapter 7 Trustee reserves the right to amend and/or supplement this Complaint on the occurrence that other concealed assets are discovered.

## FIRST CAUSE OF ACTION
## [11 U.S.C. § 727(a)(2)(A)]

12. Plaintiff, Karl T. Anderson, as Chapter 7 Trustee, incorporates Paragraphs 1 through 11, inclusive of this Complaint as though set forth in full herein.

13. Pursuant to U.S.C. § 727(a)(2)(A) of the Bankruptcy Code, the Court shall deny a debtor's discharge based on the following:

> (a) The court shall grant the discharge, unless -
>
> (2) <u>the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed or destroyed, mutilated, or concealed—</u>
>
> (A) property of the debtor, within one year before the dated of filing of the petition...
> (Emphasis added.)

14. Plaintiff Chapter 7 Trustee respectively believes the intentional and ongoing concealment of the assets and transactions itemized herein justifies denial of the Debtor's/Defendant's discharge under Section 727(a)(2)(A).

## SECOND CAUSE OF ACTION
## [11 U.S.C. § 727(a)(3)]

15. Plaintiff Karl T. Anderson, as Chapter 7 Trustee, alleges and incorporated by reference Paragraphs 1 through 14, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

16. Pursuant to U.S.C. § 727(a)(3) of the Bankruptcy Code, the Court shall deny a debtor's discharge based on the following:

> a) The court shall grant the discharge, unless—
>
> (3) <u>the debtor has concealed, destroyed. . .or failed to keep or preserve any recorded information. . .from which the debtor's financial condition or business transactions might be ascertained. . .</u> (Emphasis added.)

17. The Plaintiff, Chapter 7 Trustee believes the Debtor's/Defendant's failure to account for the economically material transactions identified herein justifies denial of the Debtor's/Defendant's discharge under Section 727(a)(3) of the Bankruptcy Code.

### THIRD CAUSE OF ACTION
### [11 U.S.C. § 727(a)(4)]

18. Plaintiff Karl T. Anderson, as Chapter 7 Trustee, alleges and incorporated by reference Paragraphs 1 through 17, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

19. Pursuant to U.S.C. § 727(a)(4) of the Bankruptcy Code, the Court shall deny a debtor's discharge based on the following:

> (a) The court shall grant the discharge, unless—
>
> (4) <u>the debtor knowingly and fraudulently, in or in connection with the case</u>—
>
> (A) made a false oath or account...
> (Emphasis added.)

20. Plaintiff Karl T. Anderson, Chapter 7 Trustee believes the Debtor's/Defendant's discharge should be denied under Section 727 due to the Debtor's/Defendant's ongoing concealment of the economically material transactions identified herein.

### FOURTH CAUSE OF ACTION
### [11 U.S.C. § 727(a)(5)]

21. Plaintiff Karl T. Anderson, as Chapter 7 Trustee, alleges and incorporated by reference Paragraphs 1 through 20, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

22. Pursuant to U.S.C. § 727(a)(5) of the Bankruptcy Code, the Court shall deny a Debtor's discharge based on the following:

(a) The court shall grant the discharge, unless—

(5) <u>the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;</u> (Emphasis added.)

23. Plaintiff Karl T. Anderson, Chapter 7 Trustee believes the Debtor's/Defendant's discharge should be denied under Section 727 due to the Debtor's/Defendant's ongoing concealment of the economically material transactions identified herein.

**WHEREFORE**, Plaintiff Karl T. Anderson, Chapter 7 Trustee prays for judgment under Section 727 of the Bankruptcy Code against Debtor/Defendant, William Luther Wine as follows:

### ON THE FIRST CAUSE OF ACTION

1. That Plaintiff Karl T. Anderson as Chapter 7 Trustee prevails having the Debtor's discharge denied under Section 727(a)(2)(A) of the Bankruptcy Code.

### ON THE SECOND CAUSE OF ACTION

2. That Plaintiff Karl T. Anderson as Chapter 7 Trustee prevails having the Debtor's discharge denied under Section 727(a)(3) of the Bankruptcy Code.

### ON THE THIRD CAUSE OF ACTION

3. That Plaintiff Karl T. Anderson as Chapter 7 Trustee prevails having the Debtor's discharge denied under Section 727(a)(4) of the Bankruptcy Code.

### ON THE FOURTH CAUSE OF ACTION

4. That Plaintiff Karl T. Anderson as Chapter 7 Trustee prevails having the Debtor's discharge denied under Section 727(a)(5) of the Bankruptcy Code.

### ON ALL CLAIMS FOR RELIEF

5. For costs of suit herein, and

6. For such other and further relief as the Court deems just and proper.

DATED: January 20, 2015

POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

By: /s/ Thomas J. Polis
Thomas J. Polis, Esq.
Proposed General Counsel for Plaintiff,
Karl T. Anderson, Chapter 7 Trustee

FORM B104 (08/07)  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Karl T. Anderson, exclusively in his capacity as Chapter 7 Trustee | **DEFENDANTS**<br>William Luther Wine |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>POLIS & ASSOCIATES, APLC<br>19800 MacArthur Blvd., Suite 1000<br>Irvine, CA 92612; tel: 949-862-0040; fax: 949-862-0041 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Chapter 7 Trustee's Complaint re: Objection to Debtor's Discharge under Sections 727(a)(2)(A); 727(a)(3); 727(a)(4); and 727(a)(5)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

---

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| **NAME OF DEBTOR** <br> William Luther Wine ||| **BANKRUPTCY CASE NO.** <br> 6:14-bk-22762 ||
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California || **DIVISIONAL OFFICE** <br> Riverside Division || **NAME OF JUDGE** <br> Mark Wallace |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| **PLAINTIFF** || **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** || **DIVISIONAL OFFICE** || **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** |||||
| **DATE** <br> 1/20/15 |||| **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.